GREEN *v.* STATE

[No. 114, September Term, 1965.]

155

Decided June 21, 1966.

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, OPPENHEIMER and MCWILLIAMS, JJ.

*Morris Lee Kaplan,* with whom was *Michael Lee Kaplan* on the brief, for appellant.

*Dickee M. Howard, Spec. Atty.,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr.* and *Edward Angeletti, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

The appellant, Ronald Green, was tried with a companion for murder in the Criminal Court of Baltimore before Judge Harlan, sitting without a jury, was found guilty of manslaughter and sentenced to a term of five years. After his motion for a new trial was denied, he appealed on the grounds that the court below committed prejudicial error in allowing a statement of a State's witness previously given to the police into evidence and in refusing Green's motion for a verdict of ac-

quittal. Green also contends that the verdict of the lower court was against the weight of the evidence.

The deceased, Leroy Clay, had gone to a store to purchase some sodas, and in the store he became involved in an argument with several boys, among whom was Green and his co-defendant, Thomas Boyd. The boys were asked to leave the premises. When Clay left the store, an argument, which led to a physical altercation, ensued between him and Thomas Boyd. Green, according to his testimony on direct examination, became involved in the altercation and shoved the deceased, causing him to fall to the ground. Clay subsequently died, allegedly as a result of the beating he had received.

At the trial, the State produced, as one of its witnesses, Phillip Hamilton. Hamilton testified he had been in the store with Green and Boyd. He stated that Clay came out of the store and pushed Boyd, that Clay then hit Boyd with a bottle and cut him, and that at this point Green pushed Clay.

The State claimed surprise and asked the court for the right to cross-examine the witness, stating Hamilton had given a statement to the police which was opposed to his testimony. Hamilton testified that he had not talked to the state's attorney about the case prior to taking the stand. The court granted the State's request. In answer to the State's questions, Hamilton admitted he had given a signed statement to the police. In answer to questions by the court, Hamilton claimed that he gave the statement because when he told the story to which he had testified, one of the detectives threatened to "beat me in the head" if he did not give a better statement, and that he, Hamilton, told the police the statement he then gave them was not true. The State offered the written statement, to which Green's counsel objected. In answer to another question of the court, the State admitted it was not prepared to offer testimony as to the voluntariness of Hamilton's statement. The court sustained the objection. At the end of the State's case, however, the judge stated he had reconsidered his ruling and, over the objection of Green's counsel, admitted Hamilton's entire statement into evidence. After Green had taken the stand in his own defense, the court, in finding both Green and Boyd guilty of manslaughter, referred to portions of Hamilton's statement to the police.

"Although the general rule is that a party may not impeach his own witness by proof of prior statements which are inconsistent with, or contradictory to, his testimony at the trial, it is well recognized in this State that where a party satisfies the court that he has been taken by surprise, and that the testimony is contrary to what he had a right to expect, it is within the sound discretion of the trial court to determine whether or not proof of prior inconsistent statements should be permitted." *Sellman v. State*, 232 Md. 344, 348, 192 A. 2d 788 (1963) and authorities therein cited.

This exception to the general rule that a party will not be permitted to impeach the credibility of a witness he has called, is generally recognized and has been consistently followed in this State. Under the exception, if the witness has been called in reliance upon a prior statement to the party calling him, the party who has called the witness to the stand will be allowed to show why he called him. The purpose of such showing, if a proper foundation has been laid, is to protect the party who put him on the stand. *Smith v. Briscoe*, 65 Md. 561, 569-70, 5 Atl. 334 (1886). Recourse to the right is confined to cases where the party calling the witness has been misled and surprised, or entrapped to his prejudice. *Bruce v. State*, 218 Md. 87, 94-95, 145 A. 2d 428 (1958).

Before granting the privilege, the court should be satisfied that there has been surprise in the witness' testimony as to a material fact. *Smith v. Briscoe, supra* and *Bruce v. State, supra.* If the case is tried before a jury, the better practice is for the trial court to go into the questions of surprise and materiality out of the jury's presence, and, if the trial court finds the party calling the witness should be allowed to prove prior inconsistent statements, to specify the extent to which such prior statements may be offered. Here, the case was tried without a jury, and we find no abuse of discretion in the action of the trial court in allowing the State, on the basis of surprise, to endeavor to show that Hamilton had made prior statements at variance with his testimony on the stand.

We find, however, that the trial court committed prejudicial error in admitting Hamilton's prior statement to the police in its entirety, as affirmative evidence on the part of the State

to show Green's guilt. Prior statements produced at the trial to show the party calling the witness has been surprised by the witness' testimony, and why the witness was called, are not probative evidence on the merits and are not to be treated as having any substantive or independent testimonial value. *West v. Belle Isle Cab Co.,* 203 Md. 244, 253, 100 A. 2d 17 (1953) and authorities therein cited. As Judge Hammond, for the Court, stated in *Belle Isle,* this conclusion has been criticized, "nevertheless, this Court has joined in the universality of its acceptance." See *State v. Saporen,* 205 Minn, 358, 285 N. W. 898 (1939).

In this case, Hamilton's full statement to the police was admitted into evidence and clearly was treated by the trial judge as having substantive probative value on the issue of Green's guilt or innocence. The error was prejudicial.

Because of this error, the judgment must be reversed and a new trial had. In view of this holding, we do not reach the other contentions which Green makes.

> *Judgment reversed and case remanded*
> *for a new trial.*