## JOSEPH MARTIN *v.* STATE OF MARYLAND

[No. 76, Initial Term, 1967.]

*Decided May 25, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and PROCTOR, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*Milton B. Allen* for appellant.

*John J. Schuchman, Special Attorney,* with whom were

*Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *James W. McAllister, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Appellant was tried before the court without a jury and was found guilty of robbery. The State called as its witness Livingston, the alleged accomplice of appellant. He was asked whether he knew appellant and whether he had ever given a statement to the police about the case. His answer was "No" to both questions. He was asked nothing about the contents of any such statement. Later the State called Lieutenant Judd. He was asked whether during the course of the investigation, Livingston had made a statement concerning the incident. His answer was yes; that he had taken an oral statement which he transcribed in his own handwriting; that when he asked Livingston if he would make a written statement, his answer was no. After cross examination by defense counsel, the Lieutenant was again asked, on redirect examination, if he had taken a statement from the alleged accomplice. He stated that he had and then, over objection by defense counsel, he was permitted to relate such statement in full.

In the course of the opinion, in which appellant was found guilty, the trial judge, after referring to the identification of appellant by the prosecuting witness, stated "In addition to that, we have the testimony of Lieutenant Judd who testified that he took an oral statement from Harry Livingston who admitted participating in this crime with the defendant." The court then said that there was no doubt that defendant was the person who had held up the prosecuting witness and found him guilty as charged.

In *Green v. State,* 243 Md. 154, 157-8, exactly the same procedure had been followed and, like the present case, it had been a trial before the court without a jury. The Court of Appeals ruled as follows: " * * * we find no abuse of discretion in the action of the trial court in allowing the State, on the basis of surprise, to endeavor to show that Hamilton had made prior statements at variance with his testimony on the stand.

326 

"We find, however, that the trial court committed prejudicial error in admitting Hamilton's prior statement to the police in its entirety, as affirmative evidence on the part of the State to show Green's guilt. Prior statements produced at the trial to show the party calling the witness has been surprised by the witness's testimony, and why the witness was called, are not probative evidence on the merits and are not to be treated as having any substantive or independent testimonial value. * * * ."

Thus, it was prejudicial error here for the trial court to admit Livingston's statement as affirmative evidence.

In view of the decision on appellant's first point, it is not necessary for the court to rule upon the other question, viz., whether a postponement should have been granted so that an alleged defense witness might be located. In fact, on the retrial this point will be moot.

*Judgment reversed and case remanded for a new trial.*