## JOE LOUIS GLADNEY *v.* STATE OF MARYLAND

[No. 303, September Term, 1967.]

*Decided May 7, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Gerald Siegel,* with whom was *Philip D. Quint* on the brief, for appellant.

*H. Edgar Lentz, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *John H. Lewin, Jr.,* and *Stephen Montanarelli, Assistant State's Attorneys for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The appellant was found guilty by a general verdict of possession and control of a narcotic drug by the court in the Crim-

inal Court of Baltimore and sentenced to imprisonment for a term of 5 years.[1]

On this appeal from the judgments he contends only that his arrest was illegal and therefore capsules containing a narcotic drug, offered by the State, were improperly admitted against him.

There was evidence produced by the State that on 12 June 1967 about 3:30 P.M. Detective Louis Patti of the Baltimore City Police Department, assigned to the Narcotic Unit of the Criminal Investigation Department, accompanied by Detective Howard Zakitis in an unmarked police car, observed a 1964 green Cadillac convertible automobile parked at an angle at a parking meter. A man Patti knew to be Carroll Pulaski was standing by the left door of the automobile having a conversation with the appellant, who was seated in the automobile behind the steering wheel. A man identified as Thomas Patterson was seated on the right side of the appellant. Pulaski took a wallet out of his pocket and handed the appellant United States currency. The appellant handed Pulaski "a small piece of tinfoil, what appeared to be tinfoil to us at the time." The officers stopped their vehicle directly behind the appellant's automobile. Pulaski "turned and saw us and started walking real fast towards the pavement," dropping the tinfoil in the gutter. Patti went after him, and identifying himself as a policeman, told him to stop and arrested him. Patti picked up the tinfoil, opened it and found in it two capsules containing a white powder. In the meantime, Detective Zakitis got out of the police car and walked toward the passenger side of the Cadillac. He saw Patterson throw a small green box from the automobile and some white capsules spilled from the box. Patterson and the appellant were arrested. Zakitis recovered the box and 94 capsules, some of which were in the box and some of which had spilled out when the box was thrown away. The contents of the two capsules wrapped in tinfoil and the 94 capsules in the green box were analyzed by a chemist for the United States Customs Labora-

---

1. Two co-defendants, Thomas Patterson and Carroll Pulaski, tried with the appellant, were convicted of the same offenses.

tory and found to contain heroin hydrochloride, an opium derivative. The capsules and the report of the chemist were admitted in evidence without objection.

We think it clear that the question of the legality of the arrest of the appellant is not here material.[2] Assuming, *arguendo,* that the arrest was illegal, the evidence of which the appellant complains was not obtained by a search of him incident to his arrest. Where evidence was not seized as a result of an illegal search, it is not rendered inadmissible by an illegal arrest. *Fisher v. State,* 1 Md. App. 505. And even assuming, *arguendo,* that the evidence was illegally seized, the appellant is not helped. An objection to the introduction of illegally seized evidence may be waived by failure to object when the evidence is offered, as in the instant case, and where such objection has been waived, the evidence has the same probative force as if it were competent. *Gaudio and Bucci v. State,* 1 Md. App. 455; Maryland Rules, 522 d 2.[3]

The appellant does not directly contend on appeal that the evidence was not sufficient to sustain his conviction. In any event, we think that the evidence produced by the State, if believed by the trial court, as it obviously did, was legally sufficient to warrant findings by the trial court that the capsules containing a narcotic drug, wrapped in tinfoil and dropped by Pulaski, were handed to him by the appellant. Therefore the appellant had both possession and control of the drug as charged. The trial court was under no obligation to believe the appellant's denials or explanations. *Tillery v. State,* 3 Md. App. 142; *Dunlap v. State,* 1 Md. App. 444. As the judgments were supported by substantial evidence, they were not clearly erroneous and this Court will not set them aside.

*Judgments affirmed: appellant to pay costs.*

---

**2.** We note that an illegal arrest does not affect the jurisdiction of the trial court, is not a ground for dismissing an information or indictment and does not preclude trial and conviction for the offense charged. *Powell v. State,* 1 Md. App. 495; *Nadolski v. State,* 1 Md. App. 304.

**3.** While *Mapp v. Ohio,* 367 U. S. 643 held that evidence obtained

in an illegal search and seizure may not be used in state prosecutions, it recognized that state procedural requirements to raise or preserve the question may still be respected. See *Porter v. State*, 230 Md. 535; *Shorey v. State*, 227 Md. 385.