## DONALD STUART PARKER *v.* STATE OF MARYLAND

[No. 82, September Term, 1968.]

*Decided November 19, 1968.*

The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*James W. McAllister* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Thomas N. Biddison, Jr., Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The appellant and a co-defendant, jointly indicted for possession and control of a narcotic drug, were jointly tried in the Criminal Court of Baltimore. The appellant was found guilty generally and given a sentence of 5 years.[1]

The appellant's sole contention on appeal from the judgment is that his warrantless arrest was illegal as made without probable cause and therefore evidence received against him was improperly admitted. There is no merit to the contention. A police

---

1. Jerome Franklin Carrol, not a party on this appeal, was also found guilty generally and sentenced to 2 years.

officer assigned to the Narcotic Unit testified that he saw the appellant and the co-defendant walking on the street. The appellant removed a brown manila envelope from his right coat pocket and dropped it in an open trash container on the sidewalk. The officer recovered the brown envelope. In the envelope were 70 small clear gelatin capsules containing a white powder. The appellant was arrested. Upon analysis by a United States Customs chemist the white powder was determined to be a narcotic drug, heroin hydrochloride. The legality of the arrest here is immaterial for two reasons. First, there was no objection made to the admission of the evidence now challenged. By the provisions of Md. Rule, 522d2, made applicable to criminal causes by Md. Rule, 725f, every objection to the admissibility of evidence shall be made at the time when such evidence is offered, or as soon thereafter as the objection to its admissibility shall have become apparent; otherwise the objection shall be treated as waived. Nor was there a motion to exclude or suppress the evidence as provided by Md. Rule, 729. So even if the arrest were illegal, objection to the evidence was waived by the failure to object to its admission or to move for its exclusion and it had the same probative force as if competent. *Gaudio and Bucci v. State,* 1 Md. App. 455. See *Baker v. State,* 3 Md. App. 251. Second, it is clear that the challenged evidence was not seized by a search in the constitutional sense; the appellant abandoned the envelope and its contents by throwing it in the trash container on the public street. Where evidence is not seized as a result of an unreasonable search, it is not rendered inadmissible by an illegal arrest. *Fisher v. State,* 1 Md. App. 505. See *Henderson v. Warden,* 237 Md. 519; *Matthews v. State,* 237 Md. 384; *Davis v. State,* 2 Md. App. 630; *Boone v. State,* 2 Md. App. 479.

*Judgment affirmed.*