KENNETH EDWARD FLETCHER (alias KENNETH GATLING) AND GEORGE WINFIELD SMITH, JR. *v.* STATE OF MARYLAND

[No. 129, September Term, 1968.]

220

*Decided March 6, 1969.*

*Frank J. Federico, II,* for appellant Fletcher, and *C. Raymond Hartz* for appellant Smith.

*Bernard L. Silbert, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Harold Enten, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

Kenneth Edward Fletcher and George Winfield Smith, Jr., were found guilty of storehousebreaking and stealing goods to the value of five dollars or upwards in the Criminal Court of Baltimore by Judge William J. O'Donnell, sitting without a jury, on March 7, 1968. Each was sentenced to three years imprisonment. The sentence of appellant Smith was to be consecutive to a sentence to be imposed if he was found guilty of parole violation.

On appeal, the questions raised were as follows:

By appellant Smith:
1. Was the appellant precluded from full appellant review because the court stenographer did not transcribe certain bench conferences and arguments of counsel?
2. Did the court err by imposing sentence consecutive to a violation of probation yet to be determined?

By both appellants Smith and Fletcher:
3. Was the evidence sufficient to support the court's verdict of guilty of breaking and entering, coupled with larceny?

By appellant Fletcher:
4. Was the appellant Fletcher illegally arrested?

On November 17, 1967, at about 5:00 a.m., an unidentified

passerby told the police of the Southern District of Baltimore that two colored men had just broken the Princess Shop window at 1118 Light Street, grabbed clothes off the mannequins and were running west on West Street. He gave no description of the men.

Lieutenant Michael Ford immediately proceeded to search the area in his car. On West Cross Street he observed two men moving rapidly with bundles in their arms. Upon closer view they appeared to be carrying ladies' coats. Lieutenant Ford followed them to the 200 block of Plum Alley. The men turned and the Lieutenant observed that one, whom he identified in court as the appellant Fletcher, was wearing green trousers and a dark raincoat. The other had on a black shirt, a waist-length blue jacket, and gray trousers. Slamming on his brakes, the Lieutenant removed his glasses, and gave chase on foot, but lost sight of the two men when they tried to avoid him and entered the backyards of an adjacent row of houses. The officer then called for assistance, and directed one of the responding cars to the west side of the Hamburg Street bridge. There Officer Anthony Butner, acting on instructions from Lieutenant Ford to apprehend two colored males in dark clothing, arrested the two appellants while they were crossing the bridge. At the time of their arrest the appellants were carrying nothing. When Lieutenant Ford approached the appellants on the bridge, while they were in custody of Officer Butner, he observed that Smith's gray trousers were torn above the right knee and he had a larceration of the leg at that place. Lieutenant Ford testified that the two men on the bridge were arrested within seven to ten minutes from the time he lost sight of the two men who entered the backyards of the nearby houses. He was certain of his identification of Fletcher as one of the two men he had seen carrying clothing. Lieutenant Ford recovered a bundle of ladies' coats, identified at trial as those taken from the Princess Shop window, in the rear yard of 1032 South Sharp Street, a house adjacent to the place where the two men he first observed had disappeared, and about three and a half blocks from the bridge.

Appellant Fletcher declined to testify. However, George Smith testified that he spent seven hours, from the evening

November 16, 1967 until 5:00 a.m. the following morning, in the company of the appellant Fletcher at a restaurant known as Nemo's located at Leadenhall and Hamburg Streets. He claimed that Fletcher left the restaurant at about 5:00 a.m. with a man named James, who had been discussing women's coats, and that he left five minutes later to go home. He said Fletcher came up behind him on the bridge and that Officer Butner then arrested them.

## I

Appellant first contends that he was precluded from a full appellate review by the inadequacy of the trial transcript. In support of this contention he argues that the failure of the court stenographer to transcribe the bench conferences, argument of counsel on motion for acquittal at the close of the State's evidence, and final arguments of counsel both for appellant and the State denied him his right to full appellate review of his trial and conviction.

A careful review of the record discloses no request for reporting of bench conferences or arguments of counsel and no objection on the part of the appellant for failure to do so.

Rule 32 of the Supreme Bench of Baltimore City provides that: "In the trial of a case, the court stenographer shall take down any opening statement or argument of counsel when requested to do so by any party or his attorney." In the instant case no request was ever made by the appellant or his attorney that the court stenographer take down any opening statement or argument of counsel or any conferences at the bench. In fact, during the trial, there were only two bench conferences, one of which reveals that appellant's counsel indicated to the court that he would be unable to appear in court the next morning because of a prior engagement, and the case was carried over until 1:30 p.m. with the consent of the appellant. While the argument on the motion for acquittal, made at the end of the State's case by appellant's counsel, was not transcribed, there being no request therefor, nevertheless, the trial judge explained in detail why the motion was denied. Arguments of counsel do not ordinarily raise questions on appeal and are not normally transcribed. *Wilkins v. State,* 5 Md. App. 8, 245 A. 2d 80. Here there was no showing by appellant of how this

portion of the transcript would serve a useful purpose. *Brown v. State,* 1 Md. App. 571, 232 A. 2d 261.

The case was tried before the lower court, sitting without a jury, and after final arguments of counsel, the able and experienced trial judge carefully reviewed the evidence and fully explained his reasons in arriving at the verdict. We therefore find appellant's first contention to be without merit.

## II

We find no merit in appellant Smith's second contention that the trial court erred by imposing sentence consecutive to a violation of probation yet to be determined.

At the time of his conviction appellant was on parole from a robbery conviction in 1964. The trial judge was explicit in his terms of the sentence. In imposing sentence the court said: "As to Mr. Smith, the sentence is the same, three years in the jurisdiction of the Department of Correction, consecutive to the sentence which he has to serve for violation of parole on the robbery conviction of 1964." In answer to a request by appellant's counsel that the court date the sentence from the time of arrest, the court further stated: "My sentence as to Mr. Smith is consecutive to his violation of parole, as I am required to make it concurrent or consecutive under the provisions of Article 41, the Parole Statute." The court then went on to state: "Whether the Department of Parole and Probation wants to give him credit for his jail time, that remains in their discretion. But, my sentence is, as the Statute requires, consecutive to the unexpired sentence he has to serve under the jurisdiction of the Department of Parole and Probation."

The court thus made it abundantly clear that the sentence imposed was to be consecutive with whatever action might be taken by the Department of Parole and Probation in respect to the sentence he was then under, as required by Article 41, Section 125, Maryland Code (1965 Repl. Vol.) [1]

---

1. Article 41, Sec. 125 provides in part: "Whenever any paroled prisoner shall be convicted of any crime committed while on parole, and shall be sentenced as a penalty therefor, to an additional period of incarceration in any institution within this State, the time to be served on the original term shall run consecutive to such new

The trial judge's statement in conjunction with the reading of the statute reveals the fallacy of appellant's contention. A subsequent finding that the appellant had or had not violated parole would have no effect on his sentence of three years imposed in this case, since this sentence in no way depends on such finding nor was it postponed pending a determination of of parole violation.

## III

In arriving at his verdict, the trial judge summarized the evidence which he took into consideration: Lieutenant Ford's positive identification of the appellant Fletcher whom he saw carrying women's garments; the flight of the two men; the fact that the two were arrested in the company of one another and had spent the night together in a restaurant near the Princess Shop; the description of appellant Smith's wearing apparel; and the fact that the laceration of Smith's right knee could have been caused by broken window glass.

The requirement for sufficiency of evidence in non-jury cases is whether the evidence, if believed, either shows directly or supports a rational inference of facts from which the court could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged. *Morris v. State,* 4 Md. App. 328, 242 A. 2d 582; *Anderson v. State,* 3 Md. App. 362, 239 A. 2d 579, 583; *Speaks v. State,* 3 Md. App. 371, 379, 239 A. 2d 600. Here there is sufficient evidence to sustain the conviction of both appellants.

The lack of positive identification of Smith relates solely to the weight of the identification, which is a matter for the trial court to determine. *Logan v. State,* 1 Md. App. 213, 216, 228 A. 2d 837; *Carroll v. State,* 3 Md. App. 50, 237 A. 2d 535.

After the verdict, and before sentencing, the appellant Fletcher, who had not testified before, admitted he might have "come in contact" with the stolen garments, but denied that Smith had anything to do with the crime, naming one Jimmy Cruz as having broken the window. He engaged in a long

sentence, and be served in confinement *prior to the beginning of such new sentence* (emphasis ours), unless expressly ordered to the contrary by the judge imposing such new sentence."

colloquy with the judge about his narcotics habit. Counsel for Smith urges that Fletcher's unusually candid testimony, after the verdict, should have been given credence by the court as supporting Smith's alibi.

The trial court is not obliged to believe the testimony of a defendant, whether given before verdict or prior to sentencing. *Alexander v. State,* 4 Md. App. 214, 242 A. 2d 180; *Gladney v. State,* 4 Md. App. 131, 241 A. 2d 589. Alibi evidence is to be weighed by the trial judge, who is not required to accept its truthfulness. *Logan v. State, supra; Gunther v. State,* 4 Md. App. 181, 241 A. 2d 907. The judgment of the lower court on the evidence will not be set aside unless clearly erroneous. Maryland Rule 1086. Here the judgment was supported by substantial evidence.

IV

Fletcher's contention that he was illegally arrested because the State failed to establish the identity of the passerby who informed the police of the storehousebreaking has no bearing on the case. The stolen garments were not found by search and seizure following an arrest, but had been abandoned at a location some distance from the site of the arrest. *Parker v. State,* 5 Md. App. 422.

*Judgments affirmed.*