## WILLIE HENRY BABB v. STATE OF MARYLAND

[No. 380, September Term, 1968.]

*Decided May 28, 1969.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Millard S. Rubenstein,* with whom was *Roland Walker* on the brief, for appellant.

*H. Edgar Lentz, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and

*Michael E. Kaminkow, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Willie Henry Babb, the appellant, was convicted of manslaughter by automobile in a nonjury trial in the Criminal Court of Baltimore and was sentenced to a term of two years. He contends the trial judge erroneously admitted evidence of a prior conviction for drunkenness.

There was evidence to show that Babb operated a motor vehicle in an intoxicated condition, in a zigzag fashion, at a speed above the limit and some evidence to suggest that he ran through two red lights. As a result of the manner in which the vehicle was operated, there was an automobile accident in which one person was killed.

During cross-examination of Babb, who testified in his own defense, the following occurred:

"A. I had the shot of whiskey and drank the beer later.

"Q. Just one shot of whiskey?

"A. That's all.

"Q. And one beer?

"A. That's all.

"Q. You drink quite heavily, don't you, Mr. Babb?

"A. No, sir, not quite heavily.

"Q. You have been convicted of being drunk, haven't you?

"MR. WALKER: Your Honor—

"MR. KAMINKOW: I think that's very relevant in this case.

"THE COURT: I don't know what the issue—

"MR. WALKER: I object to any convictions, Your Honor, that do not relate to this man's credibility. I don't think that the State ought to be permitted to go into any other things.

"THE COURT: I will permit it to come in on anything pertaining to alcoholic beverages.

"BY MR. KAMINKOW:

"Q. You were found guilty of being drunk on a public street, is that right?

"A. Yes, several years ago.

"Q. May of 1965, given $25.00 and costs, and you were committed, is that right, at that time? Committed to the Baltimore City Jail, is that correct, Mr. Babb?

"A. I don't recall, not no 1965. No, sir, I don't recall.

"Q. You don't recall in 1965?

"A. No, sir.

"Q. Well was there another time?

"A. No. I said several years ago.

"Q. But you don't recall it being in 1965?

"A. No.

"Q. What year do you recall it being in?

"A. 1960.

"Q. When?

"A. 1960, 1961, along there somewhere."

It is contended that error was committed under *Simond v. State,* 127 Md. 29, 95 A. 1073 which held it improper for the trial judge to admit, for the purposes of impeachment, evidence concerning a conviction for drunkenness which had occurred ten years prior to the trial. While it is true the court did so rule in that case, it also held that the admission of the evidence was so unlikely to have affected the result of the trial that the error was not reversible. We think, however, the present case must be reversed under the rationale of the case of *Wethington v. State,* 3 Md. App. 237, 239, 238 A. 2d 581 wherein we said as follows:

"The trial judge did not advise the jury that the evidence of the prior conviction for indecent exposure was to be considered solely for impeachment purposes, as bearing on appellant's credibility as a witness, nor were any instructions to that effect requested by appellant, or included by the court in its charge to the jury.

Whether it was the intention of the trial judge to admit the prior conviction of indecent exposure as substantive evidence or as impeaching evidence, or for both purposes cannot be gleaned with certainty from the record before us. That the State's Attorney was urging that such conviction constituted substantive evidence to prove guilt seems clear, just as clear as appellant's position that the prior conviction could not be used to prove the present offense or to show propensity to commit similar crimes. Had it been the purpose of the trial judge to admit the prior indecent exposure conviction to impeach appellant's credibility as a witness, we think such conviction, under the circumstances of this case, would have been admissible for that purpose as having some tendency to show that appellant was not to be believed under oath. See *Cousins v. State,* 230 Md. 2; *Woodell v. State,* 2 Md. App. 433; *Huber v. State,* 2 Md. App. 245. On the record before us, however, we conclude that the prior conviction in question was admitted on a basis other than that it constituted proper impeaching evidence.

"The primary question for our determination, therefore, is whether, under the circumstances, the prior conviction for indecent exposure, not admitted for the purpose of impeachment, was otherwise admissible, and, if not, whether the admission of such evidence constituted reversible error.

"It is well settled that proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged, is incompetent and inadmissible for the purpose of showing commission of the particular crime charged. *Bell v. State,* 234 Md. 254; *Gray v. State,* 221 Md. 286; *Mac-*

*Ewen v. State,* 194 Md. 492; *Huber v. State, supra; Gorski v. State,* 1 Md. App. 200; 29 Am. Jur.2d *Evidence,* § 320, p. 366. The rule is not without exceptions, however, so that the prior conviction may be shown when it tends to establish (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, (5) the identity of the person charged with the commission of a crime on trial. *Wentz v. State,* 159 Md. 161, 164; *Cothron v. State,* 138 Md. 101, 110; *Gorski v. State, supra; Hayes v. State,* 3 Md. App. 4. However, evidence which simply indicates a disposition on the part of the accused to commit a crime is ordinarily excluded as irrelevant and untrustworthy since it tends to deflect the mind of the trier of facts from the single issue of guilt or innocence of the particular crime under consideration. *Gilchrist v. State,* 2 Md. App. 635; *Huber v. State, supra.* In other words, as stated in *Berger v. State,* 179 Md. 410, 414, the exception to the general rule 'does not go to the extent of sanctioning the admission of evidence of the "propensity" of the accused to commit crimes similar to that for which he has been indicted.' "

At page 242 we said:

"This is not a case, as in *Debinski v. State,* 194 Md. 355, where a general objection to evidence was held properly overruled where the evidence was properly admissible for any purpose. Here, appellant's objection was specifically aimed at excluding the prior conviction as substantive proof of guilt; the evidence was nevertheless admitted without limitation or qualification of its use for that purpose. Under these circum-

stances, we hold that the unqualified admission of such evidence in the face of appellant's specific objection thereto constituted reversible error (see *Mulcahy v. State,* 221 Md. 413, at page 426) . . . ."

It is apparent in the case at bar the State's Attorney offered the evidence for the purpose of showing a propensity to drink and therefore to show that Babb was probably drunk at the time of the traffic accident involved in these proceedings. It seems equally apparent, from the trial judge's comment, that the evidence was admitted, and considered, for the purpose of showing propensity and therefore the error is reversible.

Although Babb raises some other points, it seems to us unlikely that they would arise at a second trial in the same form in which they were presented here and, therefore, we do not consider it necessary to discuss them.

> *Judgment reversed and case remanded for a new trial. Costs to be paid by the Mayor and City Council of Baltimore.*