## STATE OF MARYLAND *v.* BABB

[No. 370, September Term, 1969.]

*Decided June 26, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*H. Edgar Lentz, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Edward F. Borgerding, Assistant Attorney General,* on the brief, for appellant.

No brief filed on behalf of appellee.

FINAN, J., delivered the opinion of the Court.

On April 24, 1968, the appellee was tried in the Criminal Court of Baltimore by Cardin, J., sitting without a

jury, on the charge of manslaughter by automobile. He was found guilty and sentenced to 2 years imprisonment. Upon appeal to the Court of Special Appeals the conviction was reversed and a new trial ordered. *Babb v. State,* 7 Md. App. 116, 253 A. 2d 783 (1969). We granted certiorari.

The issue before this Court is whether the trial court committed reversible error in permitting the prosecutor on cross-examination to ask the accused if he had been convicted of being drunk, when on direct examination the accused had responded in the negative to the question: "Have you ever been charged with or convicted of operating under the influence or leaving the scene or anything of that nature?"

The objectionable testimony was elicited during the following cross-examination of the accused:

"A. I had the shot of whiskey and drank the beer later.

Q. Just one shot of whiskey?

A. That's all.

Q. And one beer?

A. That's all.

Q. You drink quite heavily, don't you, Mr. Babb?

A. No, sir, not quite heavily.

Q. You have been convicted of being drunk, haven't you?

Mr. Walker: Your Honor—

Mr. Kaminkow: I think that's very relevant in this case.

The Court: I don't know what the issue—

Mr. Walker: I object to any convictions, Your Honor, that do not relate to this man's credibility. I can't think that the State ought to be permitted to go into any other things.

The Court: I will permit it to come in on anything pertaining to alcoholic beverages.

By Mr. Kaminkow:

Q. You were found guilty of being drunk on a public street, is that right?

A. Yes, several years ago."

\* \* \*

The State contended that this line of questioning was relevant for the purpose of impeachment and was used to attack the credibility of the accused. It argued that the accused had opened the door regarding his character by his denial under direct examination of "operating under the influence and leaving the scene or anything of that nature." *Henderson v. Warden, Maryland Penitentiary*, 237 Md. 519, 206 A. 2d 793 (1965). On the other hand, the Court of Special Appeals concluded that this evidence was admitted for the purpose of showing propensity for excessive use of alcohol and was therefore reversible error, stating:

> "It is apparent in the case at bar the State's Attorney offered the evidence for the purpose of showing a propensity to drink and therefore to show that Babb was probably drunk at the time of the traffic accident involved in these proceedings. It seems equally apparent, from the trial judge's comment that the evidence was admitted, and considered, for the purpose of showing propensity and therefore the error is reversible." 7 Md. App. 121.

Actually, from a reading of the record it is difficult to determine just why this evidence was admitted. However, for the purpose of this opinion we do not deem it necessary to establish the rationale behind the admission of this testimony because, although it may have been error for the trial court to admit this evidence, nonetheless considering the record of the case as a whole we believe it to have been harmless error.

The record reveals that there was ample evidence, separate and apart from that elicited by the question concerning the previous conviction for public drunkenness,

to support a finding that the accused was operating his vehicle under the influence of intoxicating liquor at the time of the accident.

There was evidence to show that the accused, two blocks away from the scene of the accident, was operating his red Cadillac in a zigzag fashion. If the testimony of two of the witnesses was believed by the trial judge, he could have found that the accused had gone through two red lights prior to the collision. There was also evidence that he was operating the vehicle at a speed above the established limit. One witness testified that at the time he heard the impact of the collision, he observed that the operator of the other vehicle, who was killed in the accident, had the green light in his favor. It was also admitted by the accused that he had been operating a motor vehicle without an operator's license for 30 years. Upon admission to the hospital the attending nurse detected the odor of alcohol on the breath of the accused and noted that he was uncooperative and hardly able to stand. A police officer who observed him in the hospital approximately an hour and fifty minutes after the accident noticed that the accused's speech was slurred and that his left eye, which unfortunately was the only eye the accused had, was bloodshot. In addition, a urine specimen taken shortly after his admission to the hospital was analyzed and found to contain 0.18% of ethyl alcohol. The accused himself admitted to having a few beers the night before the accident and one shot of whiskey and a beer around 7:00 A.M. of July 4th, the accident occurring at approximately 7:30 A.M., a half-hour later.

As we have previously stated, we think that the admission of the evidence pertaining to the prior conviction for drunkenness, if error at all, was harmless error. We are fortified in this belief by the fact that this was a nonjury case. The assumed proposition that judges are men of discernment, learned and experienced in the law and capable of evaluating the materiality of evidence, lies at the very core of our judicial system. Such an assumption would be completely unwarranted with regard to a jury

of laymen and the impact which evidence may have upon their deliberative powers. And, if this case had been tried before a jury, our conclusion may well have been different than that presently reached. We take sustenance from the opinion of the Court of Special Appeals in *Gunther v. State*, 4 Md. App. 181, 241 A. 2d 907 (1968), wherein the Court states:

> "The fear of admitting details of convictions for prior crimes stems from its potential influence over a jury. However, this fear is not justified in a non-jury trial where the court by its wisdom and experience, is expected to be beyond the influence of such evidence. We are unable to conclude that the admission of appellant's prior conviction for malicious destruction of property was such an abuse of discretion and so clearly irrelevant as to constitute reversible error." 4 Md. App. at 184.

The law in this State is replete with cases holding that "harmless error," error which does not affect the final outcome of the case, should not be grounds for reversal. *Rippon v. Mercantile-Safe Deposit Company*, 213 Md. 215, 222, 131 A. 2d 695 (1957). See also *Bailey v. State*, 6 Md. App. 496, 508, 252 A. 2d 85 (1969), with particular attention directed to the cases cited in footnote 7, p. 508, and to the following language from *Bailey*:

> "* * * The Supreme Court recognized in *Chapman v. State of California*, 386 U.S. 18, that states have harmless-error statutes or rules. It said, at 22, that these rules 'serve a very useful purpose insofar as they block setting aside convictions for small errors or defects that have little, if any, likelihood of having changed the result of the trial.' It concluded that 'there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the

Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction.' See *Fahy v. State of Connecticut*, 375 U. S. 85. The opinions of this State have followed a harmless-error rule."

Many jurisdictions have enunciated the principle that the concept of a "fair trial" must not be confused with that of a perfect trial. An accused has a constitutional right to a "fair trial" but not necessarily to that seldom experienced rarity, a perfect trial. See *State v. Smith*, 193 S. E. 573, 574 (W. Va. 1937).

In the case before us we are of the belief that the error in admitting the evidence of the prior conviction for drunkenness, assuming, arguendo, that it was error, "was harmless error beyond a reasonable doubt." *Chapman v. California*, 386 U. S. 18, 24 (1967). Therefore, we reverse the order of the Court of Special Appeals and reinstate the judgment and sentence of the Criminal Court of Baltimore.

> *Order of the Court of Special Appeals reversed, judgment and sentence of the Criminal Court of Baltimore reinstated, the State to pay the costs.*