471 A.2d 701

**Murray Knight GRAVES**

v.

**STATE of Maryland.**

**No. 80, Sept. Term, 1983.**

Court of Appeals of Maryland.

Feb. 22, 1984.

Victor L. Crawford, Rockville, for appellant.

Stephanie J. Lane, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on brief), for appellee.

Argued before MURPHY, C.J., ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ., and CHARLES E. ORTH, Jr., Retired, Specially Assigned Judge.

CHARLES E. ORTH, Jr., Retired, Specially Assigned Judge.

■ We issued a writ of certiorari in this case to answer the question whether Maryland Rule 745, dealing with joint and separate trials in criminal causes, applies to both court trials and jury trials.

Murray Knight Graves was charged with committing criminal offenses by two indictments filed in the Circuit Court for Howard County. The indictments represented separate incidents. Each indictment, however, presented a charge of burglary and charges of theft following therefrom. The indictments were consolidated for trial over the objection of the defense upon grant of a pretrial motion made by the State. Graves was found guilty under each indictment of burglary and certain of the theft offenses. On appeal, the Court of Special Appeals, in affirming the judgments in an unreported opinion, rejected Graves' contention that the trial court erred in permitting the indictments to be tried together.

Md.Rule 745 b provides:

"If a defendant has been charged in two or more charging documents, either party may move for a joint trial of the charges. In ruling on the motion, the court shall inquire into reasons for the motion and the ability of either party to proceed at a joint trial."

When, as here, only one defendant is involved, Md.Rule 745 a, read with Md.Rule 712 a, permits the court to order two or more charging documents to be tried together if the offenses, whether felonies or misdemeanors or any combination thereof, are of the same or similar character.

Rule 745, virtually identical to its precursors, *McKnight v. State,* 280 Md. 604, 607 n. 1, 375 A.2d 551 (1977), is couched in simple language, *Lewis v. State,* 235 Md. 588, 590, 202 A.2d 370 (1964). There is nothing on the face of Rule 745 to indicate that it is not applicable to both court trials and jury trials. Compare Rules 886 and 1086 which in express terms govern only trials "tried by the lower court without a jury." Nor have we construed Rule 745 as applying to one mode of trial to the exclusion of the other. So whether the trial be by the court or before a jury, the matter of a severance or a joinder within the purview of the Rule is ordinarily committed to the discretion of the trial judge. *McKnight,* 280 Md. at 608, 375 A.2d 551. What our opinions do, however, is to effect a distinction between a trial with a jury and a trial without a jury with respect to the court's discretion in the context of prejudice by a joinder.

> Prejudice is a major concern of Rule 745. Section c reads: "If it appears that any party will be prejudiced by the joinder for trial of counts, charging documents or defendants, the court may, upon its own motion or the motion of any party, order separate trials of counts, charging documents or defendants, or grant any other relief justice requires."

In the light of this caveat, we examined in *McKnight* the propriety in a jury trial of a joinder, permissible in the first instance because the offenses were of similar character, where the evidence would not be mutually admissible at separate trials. We observed that in any given case of similar offense joinder, the likely prejudice caused by the joinder must be balanced against the considerations of economy and efficiency in judicial administration. 280 Md. at 609–610, 375 A.2d 551. In so doing, consideration should be

given to likely prejudice to a defendant in three important respects:

"First, he may become embarrassed, or confounded in presenting separate defenses. . . . Secondly, the jury may cumulate the evidence of the various crimes charged and find guilt when, if the offenses were considered separately, it would not do so. At the very least, the joinder of multiple charges may produce a latent hostility, which by itself may cause prejudice to the defendant's case. Thirdly, the jury may use the evidence of one of the crimes charged, or a connected group of them, to infer a criminal disposition on the part of the defendant from which he may also be found guilty of other crimes charged." *McKnight,* 280 Md. at 609, 375 A.2d 551 (citations omitted).

We opined, particularly in light of the third aspect of prejudice, that "where offenses are joined for trial because they are of similar character, but the evidence would not be mutually admissible, the prejudicial effect is apt to outweigh the probative value of such evidence." *Id.* at 610, 375 A.2d 551. We concluded that "a defendant charged with similar but unrelated offenses is entitled to a severance where he establishes that the evidence as to each individual offense would not be mutually admissible at separate trials." *Id.* at 612, 375 A.2d 551. We iterated and applied this holding in *State v. Jones,* 284 Md. 232, 395 A.2d 1182 (1979), and recognized it with approval in *Tichnell v. State,* 287 Md. 695, 415 A.2d 830 (1980). Like *McKnight* the trial in *Jones* and in *Tichnell* was before a jury, and the application of the *McKnight* holding in *Jones* and its recognition in *Tichnell* were in that context.

The *McKnight* holding took away the discretion of the trial judge presiding at a jury trial to join similar offenses where the evidence as to them was not mutually admissible. As we have indicated, in such circumstances, there was prejudice as a matter of law which compelled separate trials. The rationale underlying the *McKnight* holding was our concern that a jury would be unable to set aside the likely

prejudice engendered by the joinder. We even questioned the ability of a jury to disregard evidence which was inadmissible on one of the charges although limiting instructions were given by the court. We recognized that the law frequently permits the jury to hear evidence admitted for a limited purpose, and presumes that the jury will comply with an appropriate instruction. "But," we declared, "we are unwilling to make that assumption in circumstances such as these...." *McKnight,* 280 Md. at 615, 375 A.2d 551.

The rationale underlying the *McKnight* holding does not support the application of that holding to a court trial. We have noticed a fundamental distinction between a judge and a jury as the trier of fact. We declared in *State v. Babb,* 258 Md. 547, 550–551, 267 A.2d 190 (1970):

"The assumed proposition that judges are men of discernment, learned and experienced in the law and capable of evaluating the materiality of evidence, lies at the very core of our judicial system. Such an assumption would be completely unwarranted with regard to a jury of laymen and the impact which evidence may have upon their deliberative powers."

Our declaration in *Babb* was repeated with approval in *State v. Hutchinson,* 260 Md. 227, 237, 271 A.2d 641 (1970). We expressed our appreciation of "the professional expertise, experience, and judicial temperament with which our legal system has inherently invested a trial judge *vis a vis* a jury comprised of laymen." *Id.* at 233, 271 A.2d 641. We recognized that "judges, being flesh and blood, are subject to the same emotions and human frailties as affect other members of the specie...." *Id.* "[H]owever," we said, "by [a judge's] legal training, traditional approach to problems, and the very state of the art of his profession, he must early learn to perceive, distinguish and interpret the nuances of the law which are its 'warp and woof.'" *Id.* *See Simms v. State,* 39 Md.App. 658, 673, 388 A.2d 141, *cert. denied,* 283 Md. 738 (1978); *Gunther v. State,* 4 Md.App. 181, 184, 241 A.2d 907 (1968). Accordingly we held in *Babb,* in which trial was by the court, that there was not reversible error in the

questionable admission of evidence pertaining to a prior conviction, but noted that our conclusion may well have been different had the case been tried before a jury. 258 Md. at 551, 267 A.2d 190. In *Hutchinson* we ruled that a trial judge was not precluded from hearing a case on its merits simply because he had excluded a confession. We said:

"[I]t is clear that we have consistently reposed our confidence in a trial judge's ability to rule on questions of admissibility of evidence and to then assume the role of trier of fact without having carried over to his factual deliberations a prejudice on the matters contained in the evidence which he may have excluded." 260 Md. at 236, 271 A.2d 641.

Furthermore, we have not deterred the practice of the same judge presiding at separate court trials of the same defendant when severance has been granted or at retrial after a mistrial or reversal on appeal. *See Napier v. Director,* 232 Md. 654, 194 A.2d 277 (1963); *Carter v. Director,* 10 Md.App. 247, 269 A.2d 172 (1970).

We conclude that in a court trial, upon joinder of similar offenses where the evidence would not be mutually admissible at separate trials, prejudice is not assumed as a matter of law.

The question then is whether a given defendant is in fact prejudiced by the joinder. In order for a judgment to survive in the face of a similar offense joinder with evidence not mutually admissible, we think that the record must be sufficient to show that the defendant was not in fact prejudiced by the joinder. This would not be feasible as to a jury trial. The transcript of the proceedings of a trial by jury does not show how the verdicts were reached. It does not show what evidence the jurors actually considered, what weight they gave it, how they evaluated it, what credibility they gave the witnesses. There is no way to ascertain from the record whether they cumulated the evidence of the various crimes charged to find guilt or used evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which they found him guilty of

the other crimes charged. Their deliberations remain locked in the jury room.

On the other hand, in a trial by the court sitting without a jury, the court may state the grounds for its decision either in open court or by written memorandum. Md.Rule 760. Either way his comments are part of the record and can be perused by the reviewing court. In determining prejudice *vel non,* an appellate court is able to consider the grounds for decision advanced by the trial court, giving due regard to the assumed proposition that "judges are men of discernment, learned and experienced in the law and capable of evaluating the materiality of evidence . . . ."

In light of all this, we turn to the record in the case at hand. It is undisputed that the evidence as to each individual indictment would not be mutually admissible at separate trials. When the State offered its pretrial motion to have the two cases tried together, Graves' objection was only on the contention that joinder "may in fact tend to confuse the Court as to each element of breaking and entering as well as establishing all essential facts of the burglary." The State responded that although there might be some confusion on the part of a jury, "the Court is certainly capable of sorting out one case from the other and . . . they are not such length or complication that . . . would give the Court any problem." Defense counsel did not think that "the rules make a distinction between whether or not the confusion would be by Court or by jury." In granting the motion for consolidation the trial judge made abundantly clear that he anticipated no confusion on his part. He recognized that the indictments involved two separate incidents but observed that there was only one defendant. He expressed confidence that he would be able "to distinguish between the various charges in the various cases . . . ." He was fully aware of the respective charges and cognizant of his obligation regarding the proof of them. He noted that this was a court trial. He declared that even if a jury might be confused, he would not be confused.

In argument to the court at the close of all the evidence, defense counsel did not mention the joinder of the cases for trial. She argued only as to the sufficiency of the evidence. She made no claim that Graves had been embarrassed or confounded in his defense. She found no need, apparently in light of the manner in which the trial was conducted and the evidence presented, to caution the judge not to confuse the two cases, even though he had invited her to do so in disposing of the motion for joinder.

In rendering the verdicts the trial judge reviewed the evidence with respect to each indictment. He affirmatively stated that it was his duty to take the facts concerning one indictment and evaluate them "independent of the facts" with respect to the other indictment. This presented no problem in any event since there was credible evidence that Graves was in exclusive possession of goods recently stolen in each of the burglaries. It is patent from the manner in which the trial was conducted as revealed by the transcript of the proceedings and from the trial judge's comments in ruling on the motion for joinder and in rendering the verdicts that the danger suggested by Graves in opposing joinder and the prejudices feared in *McKnight* were simply not present here. The record fully supports the view that the trier of fact was in no way confused by the joinder, that Graves was not in the least embarrassed or confounded in his defense, that the trier of fact did not cumulate the evidence of the various crimes charged and find guilt when, if considered separately it would not have done so, that the joinder did not produce a latent hostility in the mind of the trial judge, and, finally, that the trier of fact did not use the evidence of one of the crimes charged to infer a criminal disposition on the part of Graves so as to convict him of other offenses. In short, it appears that each conviction was reached only upon such evidence before the court as was relevant and material to the individual charge.

In summary, Md.Rule 745 applies to both trial with a jury and trial by the court. However, in a court trial the joinder for trial of similar but unrelated offenses where the evi-

dence as to each individual offense is not mutually admissible at separate trials does not prejudice the defendant as a matter of law. On the facts and circumstances of this case, the record is sufficient to establish that Graves was not prejudiced by the joinder of the indictments for trial. Thus there was no error and therefore no abuse of the court's discretion in granting the motion for joinder.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

DAVIDSON, J., concurs in the result.