## VERONICA E. FRIES *v.* JOHN FRIES.

## JOHN FRIES *v.* VERONICA E. FRIES.

[Nos. 42-44, January Term, 1934.]

*Decided April 4th, 1934.*

The causes were argued before BOND, C. J., URNER, AD-KINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Preston A. Pairo,* for Veronica E. Fries.

*Meyer Mindel,* with whom was *Charles C. Nathan* on the brief, for John Fries.

PARKE, J., delivered the opinion of the Court.

The three appeals on this record relate to the alimony and divorce suits of Veronica E. Fries and John Fries, her husband. The proceedings were begun by the bill of complaint of the wife against the husband for permanent alimony on the ground of a desertion of the wife by the husband and his cruelty. While this suit was pending, the husband filed a bill of complaint for an absolute divorce, because of the desertion by him of his wife for the statutory period of three years and of her alleged adultery. The two causes were consolidated, and the testimony was taken before the chancellor, whose decree dismissed the bill of complaint of the wife, and granted the husband a divorce *a vinculo matrimonii* from his wife on the sole ground of her desertion of him; and charged the husband with the support of the minor child of the parties. Two appeals were taken from this decree; one by the wife and the other by the husband, whose cross-appeal is because the chancellor did not find the wife guilty of adultery as well as of desertion.

The court is in full accord with the finding of the chancellor that the evidence fails to prove adultery by the wife, but, even if its conclusion on this issue were different from that of the chancellor, the appeal of the husband could not be entertained. The decree was not adverse, but established

his right to an absolute divorce and settled the entire cause. He can gain no more by an appeal than the decree granted, and therefore the particular ground upon which the chancellor based the decree for divorce is not a matter for appeal by the husband. His appeal, which is No. 44 on the docket of this court for the current term, will therefore be dismissed. *Miller's Equity*, sec. 362.

Since the court agrees with the chancellor that the charge of the wife's adultery was not established, the decree of divorce cannot be supported unless the proof is that the wife abandoned the husband, and that this abandonment has continued uninterruptedly for at least three years before the filing of the suit, and is deliberate and final, and that the separation of the parties is beyond any reasonable expectation of reconciliation. Code, art. 16, sec. 38.

The marriage was on September 9th, 1908, and the parties cohabited until December 1st, 1928. A minor child is their sole issue, and this daughter is so crippled by infantile paralysis as to be wholly dependent for her support. The testimony shows that the domestic life of the spouses became increasingly unhappy, but, until the final breach, their differences were not of a nature to give either the husband or the wife a sufficient reason for separation.

The husband is a fireman in the Baltimore City fire department, and, according to his contention, gave his wife all he reasonably could every pay day, but she demanded all, and proposed to allow him what she thought would be sufficient for his use. The wife admitted that her husband gave her money, but asserted that it was inadequate, and that their troubles arose over their controversy in respect to this inadequacy, and that, finally, because of his not furnishing her with what she considered was a sufficient allowance, she declined sexual intercourse, and left the house on the night of December 1st, 1928, after a bitter quarrel. The husband and the wife ascribe her leaving the home to the fault of the other. There is testimony that the husband would become angry in the bimonthly disputes with his wife on pay day,

and his violence was displayed, according to this evidence, in the breaking of dishes and the angry destruction of other household articles. Although his wife and daughter testified that he pushed her down the steps and out of the door on the night she left home, there is no other evidence of physical force exerted by the husband on any other occasion, and this one instance was not of a serious nor alarming nature, as the wife returned to the home the next morning and remained there with her daughter and mother.

The house in which the couple, their daughter, and the wife's mother lived had been acquired by the couple in their joint names, but it was subject to a building association mortgage. From December to the following April the title remained in the husband and wife, and the wife lived there, and her husband was there occasionally. Because of the separation of the wife and husband, and to avoid a foreclosure of the mortgage lien, the husband and wife conveyed the property to the wife's sister, who bought to keep the home for her mother and sister, who continued to occupy the house, but the husband has not lived there since the sale.

The wife's return to the home on the morning of December 2nd was to the roof of her husband, but not to his arms. She persisted in her denial of marital intercourse with her husband, without any effort on her part to restore cohabitation, and her sole reason for this repudiation of her obligation as consort is that the husband did not give her as much of his wages as she desired. The evidence, however, fails to show that he did not support her according to his means and their station in life. *Webster v. Wheeler,* 101 Md. 427, 433, 61 A. 216.

There was no sufficient cause for the wife to refuse all marital intercourse with the husband, and this constituted abandonment by the wife of the husband. Since this refusal has continued uninterruptedly from December 1st, 1928, the desertion had existed for more than three years before the bringing of the husband's suit for a divorce, and the court is satisfied that the abandonment was deliberate and final, and

the separation of the parties beyond any reasonable expecta-. tion of reconciliation. Consequently, the husband is entitled to his decree for a divorce *a vinculo matrimonii,* as the chancellor decided. Code, art. 16, sec. 38; *Fleegle v. Fleegle,* 136 Md. 632, 110 A. 889; *Klein v. Klein,* 146 Md. 27, 125 A. 728; *Miller v. Miller,* 153 Md. 213, 138 A. 22; *Downs v. Downs,* 154 Md. 430, 140 A. 831; *Crumlick v. Crumlick,* 164 Md. 381, 165 A. 189; *Bishop on Marriage and Divorce,* vol. 1, secs. 166, 1663, 1676.

The court, after a consideration of the pleadings and the testimony, awarded alimony pending the appeal, a counsel fee of twenty-five dollars, and directed the husband to pay into court fifty dollars toward the expense of the record and brief on appeal. *Daiger v. Daiger,* 154 Md. 508, 140 A. 717. The wife has taken an appeal from this order on the ground that the amounts allowed for counsel fee and ordered to be deposited for use in the preparation of the record and briefs are inadequate. In the passage of this order, the chancellor was in the exercise of his discretion, and no sufficient reason appears from the record to conclude that his discretion was arbitrarily used or his judgment clearly wrong with respect to the husband's faculties. If follows that the order appealed from will be affirmed.

Since there was a reasonable basis for the appeals by the wife, the court will, because of her financial condition, impose the costs of the appeals in Nos. 42 and 43 upon the husband.

> *Decree in No. 42 and order in No. 43 affirmed, with costs to be paid by the appellee.*
>
> *Appeal in No. 44 dismissed, with costs to the appellee.*