## LITA H. KELSEY *v.* CARLETON KELSEY

[No. 110, October Term, 1945.]

*Decided April 12, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*Richard Carvell,* with whom was *S. Scott Beck, Jr.,* on the brief, for the appellant.

No brief and no appearance for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

Lita H. Kelsey, who resides on a farm in Queen Anne's County, brings this appeal from a decree of the Circuit Court for Queen Anne's County which dismissed her bill of complaint for a divorce *a vinculo matrimonii* from her husband, Carleton Kelsey, on the ground of abandonment.

The parties were married in Philadelphia in November, 1923, and resided in the State of Pennsylvania until April, 1942, when they established their home on the Eastern Shore of Maryland. Complainant testified that they had normal marital relations until September, 1940, when her husband contracted a venereal disease, but in April, 1942, he was completely cured. She said, however, that soon after they moved to Maryland her husband entered the armed service of the United States and

was stationed in Washington. She testified that, although he occupied an apartment in that city with adequate accommodations for her, he would not permit her to live with him. Near the close of 1942 she was taken ill with gall bladder trouble, but he compelled her to stay alone on the farm. She swore that from April, 1942, until September 20, 1944, the date of the institution of her suit for divorce, her husband refused to have marital relations with her, although she repeatedly expressed her desire to resume them. She declared that, although he was a man of substantial means, he gave her only $30 a month for her support, and she found it necessary to buy second-hand clothes.

In Maryland a court of equity may decree a divorce *a vinculo matrimonii* when satisfied by competent testimony that the defendant has abandoned the complainant, and that such abandonment has continued uninterruptedly for at least eighteen months, and is deliberate and final, and the separation of the parties is beyond any reasonable expectation of reconciliation. Acts of 1941, Chap. 90, Code, 1943 Supp., Art. 16, Sec. 40. Abandonment, within the contemplation of the divorce statute means something more than merely ceasing to live together; it means a cessation of the marital relation. Thus we recognize that a desertion may exist although the husband and wife live under the same roof. *Fleegle v. Fleegle,* 136 Md. 630, 110 A. 889; *Roth v. Roth,* 145 Md. 74, 125 A. 556; *Fries v. Fries,* 166 Md. 604, 171 A. 703; *Dotterweich v. Dotterweich,* 174 Md. 697, 200 A. 523.

In the court below the chancellor admitted that he was favorably inclined toward granting an absolute divorce, but he dismissed the bill of complaint because he considered that complainant's testimony was not sufficiently corroborated. His decision was based upon the statutory provision that "in suits, actions, bills or other proceedings instituted in consequence of adultery, or for the purpose of obtaining a divorce, * * * no verdict shall be permitted to be recovered, nor shall any judgment or decree be entered upon the testimony of the plaintiff alone;

but in all such cases testimony in corroboration of that of the plaintiff shall be necessary." Code, 1939, Art. 35, Sec. 4.

It is thoroughly understood that the matter of corroborating testimony as to unjustifiable refusal of the defendant to cary out marital relations is likely to be quite difficult in most instances. As explained by the Court of Errors and Appeals of New Jersey: "They are guarded and surrounded with the greatest secrecy, and regarded as sacred. A man and his wife are not likely to approach each other in such matter through third persons, not even through members of the other's family, nor through their family physician." *Haskell v. Haskell,* 99 N. J. Eq. 399, 131 A. 876, 877. Consequently the surrounding circumstances, as evidenced by the testimony of witnesses as to the mental and physical condition of the complainant and the marital relations, which the complainant reluctantly confided to them, may be sufficient to satisfy the statutory requirement. In the instant case complainant produced three corroborating witnesses. First, a servant testified that complainant was very affectionate toward her husband but he never showed any fondness for her, and they had occupied separate bedrooms ever since they came to Queen Anne's County in April, 1942. Second, Mayor Philip G. Wilmer, of Chestertown, testified that Kelsey had confided in him in the summer of 1942, considerably more than eighteen months prior to the institution of suit, that he did not have marital relations with his wife any longer. Third, Dr. Alexander C. Dick, a physician, of Chestertown, testified that after he performed an operation on Mrs. Kelsey in April, 1943, her recovery was slow, and as he was unable to locate the cause for the slowness in regaining her strength, he asked her whether she had any disturbing problem in her life, and she admitted that she had; and some time afterward, while she was convalescing and still under his professional care, she disclosed to him that her husband had refused for several years to have marital relations with her.

We are of the opinion that complainant's corroborating testimony was sufficient to justify the granting of a divorce. The evil against which the Legislature aimed this provision of the evidence statute is collusion, and accordingly, when the whole case precludes any possibility of collusion, only slight corroboration is required. The corroboration required by the statute varies with the circumstances of each particular case; and as the danger of collusion diminishes, so in the same ratio the rule prescribed by the statute is applied with less strictness. While the corroboration must extend to every element necessary to justify the relief sought, it need not in itself be sufficient to warrant that relief, nor need it go to every particular statement in the complainant's testimony. It is sufficient if it lends substantial support to the complainant's testimony as to material and controlling facts. *Bowersox v. Bowersox,* 157 Md. 476, 146 A. 266, 65 A. L. R. 165; *Heinmuller v. Heinmuller,* 133 Md. 491, 105 A. 745; *Demarco v. Demarco,* 159 Md. 699, 150 A. 281; *Appel v, Appel,* 162 Md. 5, 158 A. 65; *Johnson v. Johnson,* 173 Md. 692, 196 A. 120; *Timanus v. Timanus,* 177 Md. 686, 10 A. 2d 322.

In this case the husband made no denial of the allegation of abandonment. He had been given notices that hearings would be held in Centreville to take testimony in October, 1944, and February, 1945, but he failed to appear at either hearing. Although he was represented by counsel, he did not offer any testimony. The chancellor acknowledged that he believed Mrs. Kelsey had told "the exact truth." It cannot be inferred from the facts and circumstances of the case that there was any collusion between the parties. It is true that complainant has the burden to prove the allegation that her husband refused to fulfill his marital duty. It is also true that the servant's testimony that the husband and wife occupied separate bedrooms does not substantiate the allegation. *Owings v. Owings,* 148 Md. 124, 128 A. 748; *Wysocki v. Wysocki,* 185 Md. 38, 42 A. 2d 909, 912. But the testimony of the wife's physician as to statements

made to him when she was undergoing treatment are admissible in evidence (*McKane v. McKane,* 152 Md. 515, 519, 137 A. 288), and this testimony, when taken in connection with all the other facts and circumstances in the case, is sufficient corroboration of the testimony of the husband's abandonment. *Clopton v. Clopton,* 10 N. D. 569, 88 N. W. 562, 88 Am. St. Rep. 749. In *Oertel v. Oertel,* 145 Md. 177, 182, 125 A. 545, where the wife's attending physician testified that in his opinion her nervous condition was caused by her husband's harsh treatment, the court said that the testimony was not sufficient in a contested case to meet the burden imposed upon the complainant to prove the allegations of the bill by preponderance of the evidence; but, if the complainant's testimony had not been contradicted, it would have been sufficient to gratify the requirement of the statute requiring corroboration.

The record in this case shows that on September 16, 1944, complainant and defendant entered into an agreement for the settlement of their property rights. It is expressly provided by statute that any agreement between husband and wife in regard to support, property rights, or personal rights or any settlement made in lieu thereof, shall be valid and enforceable, and shall not be a bar to an action for divorce. Acts of 1931, Chap. 220, Code, 1939, Art. 16, Sec. 42; *O'Hara v. O'Hara,* 185 Md. 321, 44 A. 2d 813, 816.

As the husband's refusal to continue marital relations continued uninterruptedly for more than eighteen months prior to the institution of suit, and the abandonment was deliberate and final, and the separation of the parties appears to be beyond any reasonable expectation of reconciliation, we must hold that complainant is entitled to an absolute divorce.

> *Decree reversed, and cause remanded for the passage of a decree in accordance with this opinion, with costs to appellant.*