RICHARD ALLEN VANDERGRIFT *v.* STATE OF MARYLAND

[No. 130, September Term, 1971.]

*Decided October 26, 1971.*

278

The cause was submitted on briefs to MURPHY, C. J., and ORTH and MOYLAN, JJ.

Submitted by *Harry D. Barnes* for appellant.

Submitted by *Francis B. Burch, Attorney General, James L. Bundy, Assistant Attorney General, Donaldson C. Cole, Jr., State's Attorney for Cecil County,* and *Julius A. Jodlbauer, Assistant State's Attorney for Cecil County,* for appellee.

ORTH, J., delivered the opinion of the Court.

The judgments against Richard Allen Vandergrift entered in the Circuit Court for Cecil County are reversed because the evidence was not sufficient in law to sustain the convictions of breaking a storehouse with intent to steal goods of the value of $100 and upwards and grand larceny.[1] As the case was tried before a jury the ques-

---

1. The indictment contained 8 counts. The 2nd count (storehouse breaking with intent to steal goods of the value less than $100),

tion comes to us on a denial of motion for judgment of acquittal made at the close of all the evidence.[2] *Williams v. State,* 5 Md. App. 450. We hold the lower court erred in denying the motion. As we cannot determine from the record whether or not additional probative evidence can be produced on a retrial, we remand the case for further proceedings as provided in *Gray v. State,* 254 Md. 385, 397 under such circumstances.

The evidence adduced by the State clearly proved the corpus delicti of the two offenses.[3] But at the close of all the evidence there was no evidence direct, or by rational inference, or circumstantial, sufficient to establish the criminal agency of appellant. What had happened was that the State expected that the testimony of two witnesses called by it would show that appellant was a principal in the crimes. They were admitted participants

---

the 6th count (receiving stolen goods of a value of over $100), the 7th count (petit larceny) and the 8th count (receiving stolen goods of the value under $100) were dismissed by the State at the close of all the evidence. The case went to the jury on the 1st count (storehouse breaking with intent to steal goods of the value of $100 and upwards), the 3rd count (breaking a storehouse and stealing goods of the value of $5 and upwards), the 4th count (rogue and vagabond), and the 5th count (grand larceny). The docket entry as to verdict reads:

> "1st Count: Guilty
> 3rd Count: Not Guilty
> 5th Count: Guilty
> 4th Count: Merges with 1st Count."

The transcript of the proceedings reflects that the foreman of the jury, saying for the jury, gave the verdicts of guilty as to the 1st and 5th counts and not guilty as to the 3rd count. The jury were harkened and then polled, each rendering those verdicts. It appears that no verdict whatsoever was rendered as to the 4th count and the authority for the docket entry as to it does not appear in the record before us.

2. The motion was made in writing and bears the notation over the signature of the trial judge "Denied at close of State's Case."

3. The evidence showed that the storehouse of the Independent Tire Company of Delaware, Inc., trading as Elkton Firestone Store at 239 Bridge Street, Elkton, Maryland was broken on 20 September 1969 about 2:30 a.m. by the cutting of a hole in the roof. A keyhole saw, a hand saw, a drill and a pry bar were found near the hole. Hanging down the outside of the building from the roof to the ground were two ropes. Goods taken from the store were on the roof near the hole and on the ground in the brush at the rear of the building. The stolen goods had a value in excess of $100.

in the breaking of the building and the stealing of the goods and in testifying in the previously tried case of one Junior Reed, also charged with the crime, and in statements given the police on the day the breaking was committed, each had declared that Richard Vandergrift was an actual perpetrator of the crimes, supplying the money to buy the tools and being physically present on the roof, aiding and abetting the breaking and the larceny of the goods. See *Agresti v. State,* 2 Md. App. 278, 280. These two witnesses, Michael Trevlon Jones and Thomas Truitt Phillips, Jr., each 15 years of age at the time of the crimes, were, of course, accomplices, but had they testified in appellant's trial as the State anticipated, their testimony would have been corroborated as required by the rule, for a deputy sheriff testified he had seen appellant and Phillips together in the vicinity of the Firestone Store about two hours before the breaking. This evidence tended to identify appellant with a perpetrator of the crimes. *Burley v. State,* 5 Md. App. 469, 472. However, both Jones and Phillips in testifying in the instant case positively denied any participation by appellant whatsoever. They recanted their prior declarations that appellant had supplied the money to buy the tools, had been with them and other perpetrators of the crimes,[4] or had taken any part in the breaking and stealing. Declared hostile witnesses upon claim of surprise by the State, they steadfastly maintained that appellant in no way participated. Each admitted he had lied in the Reed trial and to the police, explaining that it was a scheme to get even with appellant for something he had done to Jones. But on second thought they had a change of heart. In the words of Jones: "Ain't no sense in nobody going to jail for nothing they didn't do." None of the other State's witnesses except the deputy sheriff had even seen appellant the night of the breaking although some

---

4. By their testimony, in addition to them, Reed and Robert Vandergrift, appellant's brother, committed the crimes. Robert Vandergrift added two more, a Joe and a Harry whose last names he did not know. Jones was the nephew of appellant and Robert Vandergrift.

knew him as a "local subject." The deputy sheriff said that when he saw appellant and Phillips about two hours before the crime was committed they did nothing wrong in his presence. He told appellant that Phillips was too young to be out that time of night (about 12:15 a.m.) and to see that he got home. They went on their way, appellant stating he was going to the Gran Diner to meet his wife. The owner of the store said he had seen appellant in the store about two weeks before but none of the witnesses produced any evidence tending to show that appellant was implicated in the breaking in any way whatsoever and most, on cross-examination, stated expressly that they could not do so.

The trial court properly permitted proof of the prior statements by Jones and Phillips which were contradictory to their testimony at appellant's trial. We said in *Hernandez v. State,* 7 Md. App. 355, 365:

> "While a party ordinarily may not impeach his own witness by proof of prior statements which are inconsistent with, or contradictory to, his testimony at trial, where such party satisfies the court that he has been taken by surprise and that the testimony is contrary to what he had a right to expect, it is within the sound discretion of the trial court to determine whether or not proof of prior inconsistent statements should be permitted. * * * Where such proof is allowed, its admission is not for the purpose of discrediting the witness, but to contradict him and thereby afford the party calling him an opportunity to show why he called the witness." (citations omitted)

But it is firmly established in this jurisdiction that "[p]rior statements produced at the trial to show the party calling the witness has been surprised by the witness' testimony, and why the witness was called, are not probative evidence on the merits and are not to be treated as having any substantive or independent testimonial

value." *Green v. State,* 243 Md. 154, 158. The Court recognized that this conclusion has been criticized but nevertheless, "joined in the universality of its acceptance." See *Baldwin v. State,* 5 Md. App. 22, 28-30; *Sanders v. State,* 1 Md. App. 630, 642; 3 Wharton's *Criminal Evidence* (12th Ed.) §§ 916-924, pp. 335-354. Compare *Gaskins v. State,* 10 Md. App. 666, 673-674. The issue here is not when Jones and Phillips lied, that is whether in their prior testimony and statements or in their direct testimony in this case. No matter which of their versions was in fact the true one, it is unescapable that since their prior declarations, repudiated by them, were not probative evidence on the merits and were not to be treated as having any substantive or independent testimonial value, there was no evidence or rational inferences therefrom on which the jury could properly find beyond a reasonable doubt that appellant committed the crimes charged. The only substantive evidence regarding appellant before the court was that he had been in the Firestone store about two weeks before the commission of the crimes and was seen in the company of one of the felons in the vicinity of the storehouse about two hours before the police discovered two of the perpetrators on the roof of the broken building. This was not enough. Therefore the trial court erred in denying the motion for judgment of acquittal.[5]

> *Judgments reversed; case remanded for further proceedings in accordance with this opinion.*

---

5. In his argument to the jury the Assistant State's Attorney relied primarily on the previous declarations of Phillips and Jones to show appellant's guilt. He referred to and read to the jury the statement of Phillips obtained by the police and read to them parts of Jones' testimony and Phillips' testimony in the Reed case in which they implicated appellant. The prior declarations, the Assistant State's Attorney told the jury, are "the proof of the real happening." Even though we have no need to reach a question with regard to the propriety of this argument to resolve this appeal, we observe that it was clearly improper. We further note that there were no instructions by the trial court to the jury regarding consideration to be given the prior declarations of Jones and Phillips.