# RICHARD ALLEN VANDERGRIFT *v.* STATE OF MARYLAND

[No. 236, September Term, 1972.]

*Decided January 30, 1973.*

2

The cause was submitted on briefs to ORTH, C. J., and POWERS, SCANLAN and DAVIDSON, JJ.

Submitted by *Harry D. Barnes* for appellant.

Submitted by *Francis B. Burch, Attorney General, David B. Allen, Assistant Attorney General,* and *Donaldson C. Cole, Jr., State's Attorney for Cecil County,* for appellee.

ORTH, C. J., delivered the opinion of the Court.

In *Vandergrift v. State,* 13 Md. App. 277, we reversed the judgments against RICHARD ALLEN VANDERGRIFT entered in the Circuit Court for Cecil County upon a trial by jury because the evidence was not sufficient in law to sustain the convictions of breaking a storehouse with intent to steal goods of the value of $100 and upwards and grand larceny. We could not determine from the record whether or not additional probative evidence could be produced on a retrial so we remanded the case for further proceedings as provided in *Gray v. State,* 254 Md. 385, 397. Vandergrift was again tried, and on 14 March 1972 a jury found him guilty of the same offenses. A sentence of eight years was imposed on each conviction, to run concurrently. He appealed.

In reversing the judgments entered at the first trial, we observed that the corpora delicti of the crimes had been proved but that there was no evidence, direct, or by rational inference, or circumstantial, sufficient to establish the criminal agency of Vandergrift. What had happened was that the State expected that the testimony

of two witnesses called by it would show that appellant was a principal in the crimes. They were admitted participants in the breaking of the building and the stealing of the goods, and in testifying in the previously tried case of one Junior Reed, also charged with the crimes, and in statements given the police on the day the breaking was committed, each had declared that Vandergrift was an actual perpetrator of the crimes, supplying the money to buy the tools used in the breaking and being physically present on the roof of the broken storehouse, aiding and abetting the breaking and the larceny. We pointed out, 13 Md. App. at 280: "These two witnesses, Michael Trevlon Jones and Thomas Truitt Phillips, Jr., each 15 years of age at the time of the crimes, were, of course, accomplices, but had they testified in appellant's trial as the State anticipated, their testimony would have been corroborated as required by the rule, for a deputy sheriff testified he had seen appellant and Phillips together in the vicinity of the Firestone Store about two hours before the breaking. This evidence tended to identify appellant with a perpetrator of the crimes. *Burley v. State,* 5 Md. App. 469, 472." In testifying, however, both Jones and Phillips denied any participation by Vandergrift whatsoever. "They recanted their prior declarations that appellant had supplied the money to buy the tools, had been with them and other perpetrators of the crimes, or had taken any part in the breaking and stealing." *Idem.* They said they had lied in the Reed trial and to the police, explaining that it was a scheme to get even with Vandergrift for something he had done to Jones. The judge at the first trial properly permitted proof of the prior statements by the witnesses which were contradictory to their testimony, but the prior statements were not, of course, of any substantive or independent testimonial value, only affording the State the opportunity to show why it called the witnesses. See *Hernandez v. State,* 7 Md. App. 355, 365.

Pursuant to our remand, the court below ordered that the State satisfy it by 10 December 1971 that additional

probative evidence could be produced or "a judgment of acquittal will be considered." The State alleged that Phillips and Jones would now testify that Vandergrift was "an active participant" in the commission of the crimes. Prior to trial, Vandergrift moved for judgment of acquittal.[1] He claimed that further testimony by Jones and Phillips would have no probative force "due to their prior inconsistent statements, amounting to repetitive perjury," and could not be considered as "additional evidence." He alleged that the witnesses "were found delinquent for perjured testimony in this and a related case, by the Circuit Court for Cecil County sitting as a juvenile court on March 12, 1971, thus rendering any further testimony by them inadmissible under Article 35, Section 1, and disqualifying them as witnesses." The court denied the motion.

## I

Vandergrift contends that the court below erred in denying the motion. He claims it was wrong in being satisfied that the State could produce additional probative evidence and in permitting a new trial. We do not agree. We think that the evidence proffered by the State, that Phillips and Jones would testify that Vandergrift was an active participant in the crimes charged, was, as the trial court found, sufficient additional probative evidence within the contemplation of *Gray v. State, supra,* to permit a retrial.

Code, Art. 35, § 1 states in relevant part that no person offered as a witness shall be excluded by reason of incapacity from crime in any criminal proceeding, but shall be admitted to give evidence notwithstanding that he may have been previously convicted of any crime or offense. The statute provides an exception to that mandate and clearly spells it out: "[B]ut no person who has

---

1. The motion originally was to dismiss the indictment. Consistent with *Gray v. State, supra,* it was amended to be a motion for judgment of acquittal.

been convicted of the crime of perjury shall be admitted to testify in any case or proceeding whatever; * * *."

Vandergrift concedes that neither Jones nor Phillips had been convicted of the crime of perjury. He claims, however, that each had been found to be a delinquent child "bottomed upon a perjury factual background." We assume for the purpose of decision that each was so found,[2] but such determination was not a conviction of any crime, *In re Hamill,* 10 Md. App. 586, 590-591, and therefore could not be a conviction of the crime of perjury within the ambit of the exception prescribed in the competency of witnesses statute. Nevertheless, he argues, even though "logically" the proffered witnesses were not precluded from testifying by statutory proscription, the "life of the law has been experience, not logic," [3] and "experience dictates that no man should be incriminated by the statements of those determined judicially to have given false testimony." He concludes: "What Phillips and Jones might say under oath in this case is, by obvious legislative intent, (Article 35, Sec. 1) *not* 'evidence'."

Vandergrift's view of the dictates of experience on this point is not shared by the Court of Appeals. In *Florentine v. State,* 184 Md. 335, 340, that Court said:

> "Before one is disqualified as a witness under this provision, he must be convicted 'of the crime of perjury.' A witness cannot be convicted of perjury by judicial fiat. Whatever a judge

---

2. At the trial here reviewed, Vandergrift proffered "the testimony of Jones and Phillips in the cases of Junior Cleveland Reed, Criminal 2169, ex parte Thomas Phillips, Juvenile 2749, ex parte Thomas Phillips 2750, ex parte Michael Jones 2751, ex parte Michael Jones 2752, and Richard Allen Vandergrift 2174," as grounds to disqualify the witnesses offered. The court refused the proffer.

3. Vandergrift cites *Gray v. State, supra,* at page 399, where Chief Judge Hammond said: "We recall also that in the course of jurisprudential navigation logic can be a deceptive compass indeed and that the life of the law has been experience not logic." Holmes put it thus in *The Common Law,* 5 (Howes ed. 1963): "The life of the law has not been logic: it has been experience." Quoted in *Schowgurow v. State,* 240 Md. 121, 133, note 5, which continues: " 'If the law supposes that, said Mr. Bumble * * * the law is a ass—a idiot.' Dickens, Oliver Twist, ch. LI."

> may think regarding the want of truth of a
> witness testifying in his court, he cannot de-
> prive him of his right under the law to testify,
> unless that right has been destroyed by a con-
> viction of perjury in accordance with due pro-
> cess of law. A conviction presupposes an indict-
> ment; a trial on the indictment, either before
> a court or jury, the right of the accused to sum-
> mon witnesses—to be represented by counsel,
> and to testify on his own behalf. To impose
> punishment justified by a trial in due course
> of law resulting in conviction, is one thing; to
> impose such punishment without such trial, is
> judicial tyranny."

The Court made abundantly clear in *Florentine* that a conflict between the testimony of a witness in a trial at hand and his testimony at a previous trial is a question for the trier of fact. So in *Crunkilton v. Hook*, 185 Md. 1, 5, citing *Florentine*, it was held that the testimony of a witness may be impaired, but not rendered nugatory, by proof of previous inconsistent statements; the problems arising from the discrepancy should be admitted to the jury for solution. The rationale of the holding was that the fact that a witness has made inconsistent statements on a previous occasion does not preclude him from having the trier of fact decide as to the credibility of his testimony at the trial. "Otherwise, the trial court would be compelled to give conclusive effect to the previous statement." *Idem.* See *Naughton v. Paul Jones & Co.,* 190 Md. 599, 603. Compare *Bailey v. State,* 16 Md. App. 83. We are not persuaded to depart from the holdings of the Court of Appeals.

We conclude that Jones and Phillips were not disqualified from giving evidence, that the court below was properly satisfied that the State could adduce additional probative evidence, and that it was correct under the authority of *Gray v. State, supra* in permitting a retrial. We hold that there was no error in the denial of the pretrial motion for judgment of acquittal.

## II

Vandergrift questions the sufficiency of the evidence. This matter is before us on the denial of a motion for judgment of acquittal made at the close of all the evidence pursuant to Maryland Rule 755. As argued, the contention is predicated upon the exclusion of Jones and Phillips as witnesses. Our holding that they were properly admitted to testify and that their testimony had probative value fully answers the contention. With their testimony the evidence was sufficient in law to establish the corpus delicti of each offense and the criminal agency of Vandergrift. We observe that Vandergrift makes no claim to the contrary. We hold that the court below did not err in denying the motion for judgment of acquittal made at the close of all the evidence.

## III

On the premise that the judgments will be again reversed, Vandergrift argues that the State not be allowed to try him a third time. We affirm the judgments. The contention falls with the premise.

*Judgments affirmed.*