## JOSEPH HOWARD BURRIS, JR. v. STATE OF MARYLAND

[No. 600, September Term, 1979.]

*Decided February 11, 1980.*

The cause was submitted on briefs to MOYLAN, LOWE and LISS, JJ.

Submitted by *James J. Fabian, Assigned Public Defender,* for appellant.

Submitted by ·*Stephen H. Sachs, Attorney . General, Kathleen M. Sweeney, Assistant Attorney General, William R. Hymes, State's Attorney for Howard County,* and *Bernard A. Raum, Assistant State's Attorney for Howard County,* for appellee.

LOWE, J., delivered the opinion of the Court.

The appellant in this case initially questions the sufficiency of the evidence from which he was convicted by Judge James Macgill in the Circuit Court for Howard County of receiving stolen goods of the value of $100 or more. Our review of the record indicates that the evidence was sufficient. Judge Macgill's careful and meticulous summary of reasons for so holding sets forth in detail sufficient factual findings which our review substantiates. He was not in error, Md. Rule 1086, nor will it enhance this opinion to repeat what he stated in the record.

Appellant's second issue falls under the weight of his own contention. He complains that the court committed error by having permitted the State to elicit a statement from a witness in an attempt to demonstrate an admission by silence. See *Ewell v. State,* 228 Md. 615, 618 (1962). He argues that:

> "Here, it was established that appellant was present when Jones made the statement [1] to Davidson, but it was never demonstrated that appellant failed to interpose a denial! In fact, the witness could not remember whether appellant responded to the statement: 'He might have, I don't know.' "

Therein lies the defect in appellant's argument. Because it was never established whether or not appellant commented, there was no admission by silence. The judge, as factfinder, so indicated by his own lengthy questioning of the witness which concluded with the court asking:

> "Do you recall whether or not Mr. Burris made any answer to that when he made that statement?
> A. No, I do not.
> THE COURT: You don't recall him saying anything.
> A. No.

---

1. The witness (Davidson) was permitted to testify, in appellant's presence, that:

"David Jones said that him and Joe Burris [appellant] went in the house."

THE COURT: He could have or could not have. Is that right?

A. True.

THE COURT: All right. I think I have no further questions unless counsel has."

Appellant correctly contends that a necessary element of groundwork toward the admission of such evidence includes establishing that the accused failed to deny the assertions.

"If an admission by silence is to be received against the silent party, it must be found (1) that the statement was actually made; (2) that the reaction of silence or evasion took place as claimed; (3) that the party heard and understood the statement; and (4) that under all the circumstances the party's conduct makes it probable that he believed the statement to be true." *Zink v. Zink,* 215 Md. 197, 202 (1957).

See *Ewell, supra* at 618. We presume that the judge knew the law. *Hebb v. State,* 31 Md. App. 493, 499 (1976). We must also assume that he was perfectly capable of perceiving the problem and distinguishing whether or not the *Zink* criteria were met.

"It is true that judges, being flesh and blood, are subject to the same emotions and human frailties as affect other members of the specie; however, by his legal training, traditional approach to problems, and the very state of the art of his profession, he must early learn to perceive, distinguish and interpret the nuances of the law which are its 'warp and woof.' " *State v. Hutchinson,* 260 Md. 227, 233 (1970).

The very fact that the judge so meticulously sought to establish whether a "reaction of silence or evasion took place as claimed", *Zink, supra,* indicates that he had discerned the problem and had resolved it properly. The fact that the evidence was elicited, if error at all, was harmless error especially in light of this case being nonjury. *State v. Babb,* 258

Md. 547, 550 (1970). In *Babb,* the Court of Appeals pointed out that which fortified this conclusion:

"The assumed proposition that judges are men of discernment, learned and experienced in the law and capable of evaluating the materiality of evidence, lies at the very core of our judicial system. Such an assumption would be completely unwarranted with regard to a jury of laymen and the impact which evidence may have upon their deliberative powers." *Id.* at 550-551.

These legal presumptions of judicial omniscience (*Williamson v. State,* 25 Md. App. 338, 341 (1975), *cert. denied,* 275 Md. 758 (1975)), lead us to the selfsame conclusion that we inferred from the record. The factfinder did not consider an admission by silence adverse to appellant after exploring to determine whether the necessary criteria existed for that purpose.

The final contention, that appellant was denied due process of law because the court permitted the State to pursue a claim of surprise, is equally without merit. Appellant sets out the issue as follows:

"During the testimony of Charlotte Davidson, the State at one point claimed surprise. His continued colliquy [sic] thereafter presented to the trial court a theory that this witness had given a prior statement which was contradictory to her in-court testimony. The Court quite properly ruled that the introduction of the prior statements was not to be considered substantive evidence in the case. Once the situation had been clarified, the Assistant State's Attorney refused to drop the matter, taking the apparent attitude that the prior statements were indeed substantive evidence. Moreover, on redirect examination he persisted in attempting to impeach the witness. Following a series of questions by the Court, he once again began asking questions attempting to impeach his own witness by referring to prior statements.

Although no new evidence was gleaned, the State had the opportunity to elicit the substance of her alleged prior statements to Detective Dayhoff and before Judge Kane incorporating same into his questions! Finally, in closing argument, he referred at length to his attempts to impeach his witness, and also specifically referred to 'non-evidence' of previous statements given to a Detective Dayhoff.

The Appellant would respectfully submit that the tactics and strategy of the State was not fundamentally fair to the Appellant herein, and thus he was denied due process of law under the Fifth and Fourteenth Amendments to the Constitution. The State, is obliged to do justice and 'play fairly' every bit as much as are Courts and defendants. *Campbell vs. State,* 37 Md. App. 89, 376 A.2d 866. See also, *McDowell vs. State,* 31 Md. App. 652, 358 A.2d 624, at 628-629, citing concurring opinion, *Dutton vs. Evans,* 400 U.S. 74, 91 S. Ct. 210, 27 L. Ed. 2d 213; *Vandergrift vs. State,* 13 Md. App. 277, 282 A.2d 528, footnote 5."

Again, appellant undercuts his own contention by admitting that which we judicially perceive, *i.e.,* that the trial judge was aware of the law and its nuances, knew what he was doing and was not misled by a zealous prosecutor. Beyond that, the trial court has complete discretion of the issue which obviously was not abused. *Green v. State,* 243 Md. 154, 157 (1966); *Baldwin v. State,* 5 Md. App. 22, 28-29 (1968), *cert. denied,* 252 Md. 729 (1969). Finally, and most significantly, the issue was not preserved for our review by an appropriate motion which the trial judge established as a standard in this circumstance. When the issue was raised by the prosecutor who said,

"I am prepared to go forward and establish that a prior statement was made on Friday which is inconsistent with her testimony. It may well be that she has an explanation for that inconsistency. But I

think that at this point in time the State is entitled
to the truth from this witness.",

The trial judge responded:

"All right. I will permit you to examine her with
regard to that, subject to a motion to strike; which I
am sure [defense counsel] will bear in mind and may
make."

No motion was offered thereafter pursuant to the court's
admonition, presumably because the appellant perceived at
the time that which we recognized above — that the court
knew the law and followed it. The judge obviously was not
misled to appellant's detriment, and the appellant obviously
did not then see an issue to preserve which he felt should have
been decided below. Md. Rule 1085.

*Judgment affirmed.*
*Costs to be paid by appellant.*